UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORGAN,<br><br>    Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | Case No. 1:18-cv-01683-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF MANDATE AT SCREENING WITHOUT PREJUDICE<br><br>ECF No. 1 |

    Petitioner Kevin Morgan, a state prisoner without counsel, seeks a writ of mandate under California Code of Civil Procedure Sections 1085 and 1086. ECF No. 1. He argues that the California Department of Corrections and Rehabilitation ("CDCR") denied him certain "release credits." *Id*. at 2, 7. I construe his petition as a petition for a writ of habeas corpus, the exclusive means for a state prisoner to challenge the execution of his sentence in federal court. *See* ECF No. 3. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

I recommend that the court dismiss the case without prejudice. Petitioner describes his sole claim as follows: "[T]o receive my 33% (F) status overdue (WG) (M) release credits." ECF No. 1 at 2; *accord* ECF No. 1 at 7. He does not provide any other description of his claim. I construe this description to mean that petitioner sought sentence credits under California law based on his "Workgroup F" status and that CDCR denied his request. *See* Cal. Code Regs. tit. 15, § 3044(b)(7); Cal. Penal. Code §§ 2933, 2933.3.[1] If CDCR misapplied California state law, that error, by itself, does not warrant habeas relief because this federal district court can grant habeas relief only if petitioner's custody violates federal law. *See* 28 U.S.C. § 2254(a). Petitioner does not explain how the denial of sentence credit violates federal law, so he does not state a cognizable federal habeas claim.[2]

A federal district court may allow a federal habeas petitioner to file an amended petition when the petitioner fails to state a cognizable claim, but I recommend that the court not do so here. Absent narrow exceptions, petitioner must exhaust state-court remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). Petitioner filed his petition seven days after CDCR's decision to deny him sentence credits, ECF No. 1 at 7; given this near-immediate turnaround, it is not possible that he has exhausted his claim in state court. The petition is subject to summary dismissal either through screening or via an early motion to dismiss, so any amendment to the petition would be futile. The recommended dismissal without prejudice allows petitioner to litigate his claim in state court and return to this court, if he has a cognizable federal habeas claim.

Finally, I recommend that the court not issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*

---

[1] Petitioner is incarcerated at Sierra Conservation Center in California. In California, certain inmates assigned to conservation camps, such as inmate firefighters (Work Group F), can earn heightened sentence credit for their work. *See* Cal. Code Regs. tit. 15, § 3044(b)(7); Cal. Penal Code § 2933.3.

[2] Indeed, petitioner may have meant to file his petition in California state court rather than in this court; he used a California state court petition form. *See generally* ECF No. 1.

*Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338. I find that reasonable jurists would neither disagree with our conclusion nor find that petitioner should be encouraged to proceed further.

**I.    Order**

The clerk of court is directed to assign this case to a U.S. District Court Judge who will review the following findings and recommendations.

**II.   Findings and Recommendations**

I recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: September 25, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202