UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN MORGAN,

                    Petitioner,

        v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

                    Respondent.

No.  1:18-cv-01683-DAD-JDP (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS AND DISMISSING
PETITION FOR WRIT OF MANDATE

(Doc. Nos. 1, 8)

        Petitioner Kevin Morgan is a state prisoner proceeding pro se and *in forma pauperis* with

what he has characterized as a petition for a writ of mandate under California Code of Civil

Procedure §§ 1085 and 1086.  (Doc. No. 1).  The matter was referred to a United States

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        On September 25, 2019, construing the pending petition as a petition for a writ of habeas

corpus, the assigned magistrate judge issued findings and recommendations, recommending that

the petition be dismissed without prejudice because petitioner had failed to state a cognizable

claim for federal habeas relief.  (Doc. No. 8 at 3.)  The findings and recommendations were

served on petitioner with notice that any objections thereto were to be filed within fourteen (14)

/////

/////

1

days of the service of the findings and recommendations.[1] (*Id.*) No objections were filed and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

    1. The findings and recommendations issued on September 25, 2019 (Doc. No. 8) are adopted in full;

    2. The petition for writ of mandate is dismissed without prejudice;

/////

/////

---

[1] Service of the findings and recommendations mailed to petitioner was returned to this court as undeliverable on October 22, 2019. Petitioner was given until December 30, 2019 to notify this court of a change of address, and he has not done so.

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 20, 2020**

_____
UNITED STATES DISTRICT JUDGE